NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 18a0134n.06

No. 17-1729

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| ASHLY DRAKE SMITH, | ) | **FILED** |
| | ) | Mar 15, 2018 |
| Petitioner-Appellant, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| THOMAS WINN, | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| Respondent-Appellee. | ) | |
| | ) | |

Before: KEITH, KETHLEDGE, and DONALD, Circuit Judges.

KETHLEDGE, Circuit Judge. Ashly Smith was convicted in Michigan state court of robbery at gunpoint. He later sought habeas relief in federal court, arguing that his trial counsel was ineffective because she declined to call alibi witnesses who could not provide him with a consistent alibi. The district court denied relief. We affirm.

The state courts have decided Smith's claims on the merits, so we take the facts as the state courts found them. *See* 28 U.S.C. § 2254(e)(1); *see also Cullen v. Pinholster*, 563 U.S. 170, 181-82 (2011). At around 7:30 p.m. one night, Shawn Kelly heard someone come into his house. Moments later, Smith entered his room with a gun and took his wallet, marijuana, cellphone, and other electronics. Before Kelly called the police, he wrote on Facebook a racially disparaging remark about Smith, who is of mixed race. He also wrote that he was "pretty sure" that Smith was the robber.

After Smith was charged, his appointed counsel learned that some of his friends had been with him the night of the robbery and could possibly provide him an alibi. She subpoenaed them to testify at Smith's bench trial, but later learned that none had been with Smith throughout the night and thus that none could fully account for his whereabouts on it. She also worried that they might give conflicting accounts (as indeed they did at a later hearing).

Counsel decided not to call the friends at trial and instead to focus on discrediting Kelly, the state's main witness. The trial judge doubted Kelly at first, but in the end found Smith guilty and sentenced him to 15 to 22 total years' imprisonment. Smith appealed, arguing that counsel's decision not to develop and to present an alibi defense amounted to ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984). The Michigan Court of Appeals eventually affirmed his conviction by a 2-1 vote, and by a 4-3 vote the Michigan Supreme Court denied him leave to appeal. *See People v. Smith*, No. 312721, 2014 WL 1320243 (Mich. Ct. App. Apr. 1, 2014) (per curiam); *People v. Smith*, 861 N.W.2d 630 (Mich. 2015). Smith then petitioned for federal habeas relief. The district court denied his habeas claims but certified them for appeal.

We review the claims de novo. *See Phillips v. White*, 851 F.3d 567, 575 (6th Cir. 2017). At the same time our review is highly deferential, since under *Strickland* we may deem counsel's performance inadequate only if she made an error "so serious" that she effectively provided no counsel at all. *Strickland*, 466 U.S. at 687. And because we consider Smith's *Strickland* claims after the state courts have already denied them, we cannot grant relief on those claims unless (as relevant here) the state courts unreasonably applied *Strickland*. *See* 28 U.S.C. § 2254(d)(1). If "there is any reasonable argument" that counsel looked as far as necessary into the alibi

defense, then for our purposes counsel's performance was adequate. *Harrington v. Richter*, 562 U.S. 86, 105 (2011).

Here, counsel had ample reason not to call Smith's friends as alibi witnesses. The friends likely would not have strengthened her position—*i.e.*, that Smith was not the robber—since none could say for certain where Smith was throughout the night. And the state could have used that uncertainty to strengthen its own position—*i.e.*, that Smith was at Kelly's house, robbing Kelly. Meanwhile counsel had another witness to work with: Kelly himself, who had a motive to lie, given his open racial hostilities, and who had been only "pretty sure" that Smith was the robber. Counsel exposed these flaws in the state's case on cross-examination, and reasonably chose not to give the state a chance to do the same to hers. *See Robins v. Fortner*, 698 F.3d 317, 330-31 (6th Cir. 2012). Thus there is a "reasonable argument" that counsel's strategy at trial "satisfied *Strickland*'s deferential standard." *Richter*, 562 U.S. at 105.

Smith argues, however, that counsel was ineffective before trial—specifically ten days before, when under Mich. Comp. Laws Ann. 768.20(1) she needed to file a notice of any alibi witnesses she might call. Counsel did not file a notice, apparently because she did not interview any alibi witnesses until just before trial began. Without a notice, Smith contends, counsel could not have called those witnesses if she wanted to. But Michigan law leaves judges the discretion to admit alibi evidence even without an alibi notice. *See People v. Travis*, 505 N.W.2d 563, 568 (Mich. 1993). And the state courts found that the trial judge would have admitted that evidence here—a finding that Smith does not rebut and that we therefore must accept. *See* 28 U.S.C. § 2254(e)(1). Thus counsel made no "serious" error by waiting until after the notice deadline to investigate the alibi defense. *Strickland*, 466 U.S. at 687.

Smith also argues that counsel did not investigate the alibi defense fully enough. But counsel need only investigate a defense until she reasonably decides not to bring it. *See id.* at 690-91. And Smith does not explain how further investigation would have improved the alibi defense—*i.e.*, aligned his friends' stories or revealed friends with better perspectives on the night's events. *Cf. Foster v. Wolfenbarger*, 687 F.3d 702, 708 (6th Cir. 2012). Counsel reasonably decided not to investigate further a defense that she reasonably decided not to bring.

The district court's judgment is affirmed.